UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN ALLEN,

          Plaintiff,

v.

KELLY HOLDEN, *et al.*,

          Defendants.
_____/

Civil Action No. 23-11404

Jonathan J.C. Grey
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 41(b) (ECF No. 42)**

**I.    PROCEDURAL HISTORY**

*Pro se* plaintiff Justin Allen ("Allen"), an incarcerated person, brings this civil rights action pursuant to 42 U.S.C. § 1983, against Michigan Department of Corrections' employees Kelly Holden ("Holden"), Brian Simon ("Simon"), and John Doe (collectively, "Defendants"), alleging First Amendment claims based on the issuance of a retaliatory misconduct ticket and the hinderance of his access to the courts (including that Defendants had a custom, policy, or practice of denying him "legal visits"), as well as a Fourteenth Amendment equal protection claim. (ECF No. 21).[1]

On August 29, 2024, the Court issued a scheduling order, setting a discovery deadline of January 10, 2025, and a dispositive motion deadline of February 7, 2025.

---

[1] The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9).

One week before the close of discovery, on January 2, 2025, Defendants filed a motion to dismiss under Fed. R. Civ. P. 41(b), or in the alternative, to extend the discovery and summary judgment deadlines. (ECF No. 42). In their motion, Defendants argue that this case should dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) because Allen, who is on parole, has repeatedly failed to respond to their communications to him, including letters to schedule a deposition date, and consequently has refused to appear for his deposition before the close of discovery on January 10, 2025. (*Id.*, PageID.322-23).

The Court issued an Order requiring Allen to respond to Defendants' motion by January 30, 2025, and specifically warned him that failure to file a timely response may result in a recommendation that Defendants' motion be granted and/or that his case be dismissed. (ECF No. 44). However, on March 18, 2025, when Allen still had not filed a response to Defendant's motion, the Court issued an Order directing Allen to show cause, in writing, on or before March 26, 2025, why this Court should not recommend that Defendants' motion be granted and/or that Allen's claims be dismissed. (ECF No. 47). Alternatively, Allen was permitted to file a response to Defendants' motion by March 26, 2025. (*Id.*). Allen was specifically warned that, "**Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, will result in a recommendation that the Defendants' motion be granted and/or that Allen's claims against Defendants be dismissed under Fed. R. Civ. P. 41(b).**" (*Id.*, PageID.352) (emphasis in original). A review of the docket indicates that, to date, Allen has neither responded in writing to the Court's Order to Show Cause,

2

nor filed a response to Defendants' motion.[2]

## II.   ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior

---

[2] Neither the Court's Order requiring a response to Defendants' motion (ECF No. 44) nor the Court's Order to Show Cause (ECF No. 47), which were served by mail to Allen, have been returned to the Court as undeliverable.

of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court warned Allen that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause. (ECF Nos. 44, 47). Yet Allen failed to respond, meaning that the first[3] and third factors weigh in favor of dismissal. As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Allen's apparent abandonment of his claims. Indeed, Defendants have attempted numerous times to schedule Allen's deposition, but his refusal to respond to their requests

---

[3] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

4

and to appear for his deposition has prevented them from properly preparing a summary judgment motion on the merits. (*See* ECF No. 42, PageID.323). Finally, given Allen's failure to file responses as ordered, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Allen has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Defendants' motion to dismiss pursuant to Rule 41(b) **(ECF No. 42)** be **GRANTED**, and that Allen's amended complaint **(ECF No. 21)** be **DISMISSED WITH PREJUDICE**.

Dated: April 21, 2025  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2025.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager